KC F I L E D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEC 1 9 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA )

v. )

ROBERT BRUNT )
TRACEY SCULLARK )
ARMANI D'AIFALLAH )

07CR 0853

) Violations:
) Sections 1341, 1343, and 2

JUDGE RONALD GUZMAN

MAGISTRATE JUDGE BROWN

## COUNT ONE

The SPECIAL MARCH 2007 GRAND JURY charges:

1.  At all times material to this Indictment:

    a.  Genesis Investment Group, Incorporated, ("Genesis") with its principle place of business at 222 North Columbus Drive, Chicago, Illinois, was an Illinois corporation in the business of purchasing residential properties to be renovated and resold for a profit.

    b.  Defendant ROBERT BRUNT was the president of Genesis. In this capacity, he purchased properties for resale. On occasion, he arranged for renovation of the properties and located prospective purchasers to buy the properties.

    c.  Defendant TRACEY SCULLARK worked for Genesis as a sales agent. In this capacity, among other duties, she assisted prospective buyers in obtaining financing for the purchase of the properties by completing the necessary documents and providing the documents to the mortgage broker.

    d.  Defendant ARMANI D'AIFALLAH was employed by Evergreen Mortgage Services as a mortgage broker. In this capacity, he secured loans for prospective

buyers of properties marketed for sale by certain sellers, including Genesis, CGM Properties and others.

       e.     National City Mortgage was the mortgage lending division of National City Bank.

      2.     Beginning in or about January 2002, and continuing until at least December 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROBERT BRUNT,<br>
TRACEY SCULLARK, and<br>
ARMANI D'AIFALLAH,

defendants herein, together with others known and unknown to the grand jury, devised, intended to devise, and participated in a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.  More specifically, defendants schemed to obtain mortgage loan proceeds from various banks and mortgage lending institutions, including but not limited to National City Bank and National City Mortgage ("Lenders"), and in furtherance thereof, used the United States mails and other interstate carriers which scheme is further described below.

      3.     It was part of the scheme that from in or about January 2002, until in or about December 2004, defendants caused to be issued more than $11 million in fraudulent loans, thereby obtaining and causing to be obtained over $4.2 million in mortgage loan proceeds from mortgage lenders for themselves and other known and unknown to the grand jury.

2

4.    It was further part of the scheme that defendants ROBERT BRUNT and TRACEY SCULLARK acquired and caused to be acquired residential properties in Chicago, Illinois, often in economically-depressed areas that were in need of extensive rehabilitation work, with the intent of quickly reselling the properties at higher prices (sometimes referred to as property "flipping") for a profit.

5.    It was further part of the scheme that defendant ROBERT BRUNT and others known and unknown to the grand jury, located and caused to be located prospective buyers with promises of "no money down" and "cash back at closing," along with promises of assistance so that the prospective buyer, who was often unqualified, could obtain financing for the purchase of the property.

6.    It was further part of the scheme that defendants ROBERT BRUNT and TRACEY SCULLARK solicited and caused to be solicited prospective buyers by enticing them with false promises that renovations and repairs would be completed on the properties prior to the sale.

7.    It was further part of the scheme that to induce the prospective buyers to purchase the properties, the defendant ROBERT BRUNT sometimes performed and caused to be performed cosmetic improvements to disguise the true nature of the property. Further, defendants ROBERT BRUNT and TRACEY SCULLARK made false and misleading representations to the prospective buyers that any incomplete renovations or improvements would be finished after the real estate closings.

3

8.      It was further part of the scheme that defendants ROBERT BRUNT and TRACEY SCULLARK falsely promised prospective buyers that assistance would be provided in obtaining tenants for the properties so that any rent payments received from the tenants could be used to assist the prospective buyer in satisfying the mortgage obligations.

9.      It was further part of the scheme that defendants ROBERT BRUNT and TRACEY SCULLARK solicited and caused to be solicited appraisers who prepared and caused to be prepared property appraisal reports that misrepresented the current condition and fair market value of the properties that defendant ROBERT BRUNT offered for sale.

10.     It was further part of the scheme that the appraisals falsely represented the properties had been rehabbed and renovated, when in fact, as the defendants well knew, the subject properties had not been renovated or had only been partially renovated. The appraisals further falsely represented that the subject properties were comparable in value to other properties that the defendants knew to be of a greater value.     These false representations were made, in part, to lead the lenders to believe that the subject properties were worth more than their actual fair market values in order to qualify for financing.

11.     It was further part of the scheme that defendants ARMANI D'AIFALLAH and TRACEY SCULLARK submitted and caused to be submitted, loan application packages to lenders containing, among other things, false documents, namely, the loan applications, W-2s, earnings statements, and verifications of deposit, and appraisal reports intended to falsely represent the financial circumstances of the prospective buyers.     As defendants

4

ARMANI D'AIFALLAH and TRACEY SCULLARK well knew, lenders would rely on the false documents contained in the loan application packages when making their decisions to issue mortgage loans to the buyers.

12.    It was further part of the scheme that defendants ARMANI D'AIFALLAH and TRACEY SCULLARK provided and caused to be provided false down payment checks to the lenders on behalf of the buyers. The down payment checks were false in that they listed the prospective buyers as remitters, or inflated the amount of prospective buyers contribution to the down payment. As defendants ARMANI D'AIFALLAH and TRACEY SCULLARK well knew, lenders would rely on the amount of the down payment contributed by the prospective buyer when making their decisions to issue mortgage loans.

13.    It was further part of the scheme that at the real estate closing, the buyers signed documents they had never seen and often defendants ROBERT BRUNT and TRACEY SCULLARK agreed to, and sometimes did, make the several monthly payments on the buyer's mortgage obligation.

14.    It was further part of the scheme that the defendants convinced some prospective buyers to purchase multiple "investment" properties, closing on the properties at or near the same time so that the potential lender for the subsequent mortgage obligation would be required to approve the subsequent mortgage loan without complete or accurate information regarding the prospective buyers' financial situation.

5

15.    It was further part of the scheme that the defendants solicited and caused to be solicited straw buyers as purchasers who qualified for financing based on false or fraudulent mortgage loan applications.  These straw buyers either agreed to the use of their identities for a fee, or in some cases did not know their identities were being used to purchase properties valued far in excess of the fair market value based upon fraudulent appraisals.

16.    It was further part of the scheme that defendants did conceal and hide and caused to be concealed and hidden acts done in furtherance of the scheme.

17.    On or about December 23, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

ROBERT BRUNT,
TRACEY SCULLARK, and
ARMANI D'AIFALLAH,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be delivered by the United States mail or a commercial interstate courier, an envelope containing mortgage and closing documents for the purchase of property located at 2009 West Garfield, Chicago, Illinois.

In violation of Title 18, United States Code, Sections 1341 and 2.

6

## COUNT TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 16 of Count One of this Indictment are hereby realleged and incorporated herein by reference.

2.      On or about December 19, 2002, in the Northern District of Illinois, Eastern Division

ROBERT BRUNT,
TRACEY SCULLARK, and
ARMANI D'AIFALLAH,

defendants herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of a wire communication in interstate commerce, certain signs, signals and sounds, namely: a Federal Emergency Management Agency Standard Flood Hazard Determination sent by interstate internet transmission from First American Flood Data Services in Austin, Texas MIT Lending New York, New York to National City Mortgage in Lombard, Illinois, relating to the purchase of property located at 2009 West Garfield, Chicago, Illinois.

In violation of Title 18, United States Code, Sections 1343 and 2.

A TRUE BILL:

_____

FOREPERSON


_____
UNITED STATES ATTORNEY